HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACY AYNES,

        Plaintiff,

   v.

KELLOG SALES COMPANY,

        Defendants.

Case No. C07-05623 RBL

ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court upon Plaintiff's Motion to Compel discovery from Defendant Kellogg. [Dkt. # 25]. For the reasons stated below, the Motion is DENIED IN PART and GRANTED IN PART. Plaintiff's request that the Defendant produce out-of-state witnesses for depositions in Seattle is DENIED AS MOOT because the parties expressed to the Court that they will be able to resolve this issue without the Court's action. Plaintiff's request for a protective order is DENIED.

**I.    Motion to Compel Discovery from Kellogg**

Plaintiff filed her motion to compel on September 11, 2008. [Dkt. # 25]. Plaintiff asks the Court to compel Kellogg to produce (1) performance "score cards" for the Kellogg Snack Division nationwide; (2) identities of the Zone Managers nationwide for the Kellogg Snack Division; (3) EEO-1 forms for Kellogg Snack Divisions nationwide; (4) a more complete answer to RFP 14, which requests "any documents reflecting performance issues"; (5) documents reflecting complaints of discrimination or harassment for the Western Region; (6) out-of-state Kellogg agents for depositions in Seattle; and (7) documents pursuant to RFP 9 and 10 regarding nationwide demographic data for Kellogg. *Id.* Lastly, Plaintiff seeks an order prohibiting

Defendant Kellogg from contacting Plaintiff's current employer. *Id.* On September 16th, after Plaintiff filed her motion to compel, Defendant Kellogg submitted its Fifth Supplemental Response to Plaintiff's First Set of Discovery Requests. [Dkt. # 30, Plaintiff's Response, Exhibit 3].

Defendant indicated that its Fifth Supplemental Response to Plaintiff's Discovery Requests provides the identities of Zone Managers nationwide, all EEO-1 reports, and complaints of discrimination and harassment for the Western Region. [Dkt. # 29, Decl. Of Leigh Ann Tift, 2:10-12]. Kellogg argues that these responses resolve the dispute over each item of discovery except (1) the "score cards," and (2) the production of out-of-state witnesses. However, Plaintiff argues in her reply brief that Defendant's supplemental responses do not adequately provide the information Plaintiff requests. [Dkt. # 32]. Thus, with the exception of depositions, the Court will consider all items of discovery disputed in Plaintiff's Motion to Compel.

**A.     Interrogatory 7: Identities of Zone Managers nationwide**

The Plaintiff requests that Kellogg fully respond to Interrogatory 7 by providing the identities of all Zone Managers for Kellogg in the last ten years. This information is relevant to the Plaintiff's claim, and given the relatively small number of Zone Managers nationwide, the request does not unduly burden the Defendant. Plaintiff's Motion to Compel Answer to Interrogatory 7 is therefore GRANTED.

**B.     RFP 7: Performance "Score Cards"**

Plaintiff requests that Kellogg produce performance "score cards" for Kellogg Zone Managers nationwide. There is little likelihood that the production of "score cards" on a nationwide basis would result in the discovery of any evidence relevant to either proving gender discrimination, or refuting Defendant's asserted reason for firing Aynes. Defendant argues that Plaintiff's performance was compared by her managers with the performance of Zone Managers in the Western Region only, and therefore such evidence from other regions could not have affected her managers' decision to fire her. Even if Plaintiff's managers compared her performance to the performance of Zone Managers nationwide, it does not appear that the Defendant disputes the Plaintiff's performance figures. [Dkt. # 30, Decl. Leigh Ann Tift, 2]. In fact, Plaintiff has stated in her deposition that she was recognized fairly for her sales. [Dkt. # 29, Exhibit 1]. Moreover, Plaintiff offers no basis for supposing that an exceptional sales record tends to show that her termination was the result of gender

Page - 2

discrimination or retaliation. Kellogg asserts that Plaintiff's unprofessional behavior, not her performance, "caused her to be evaluated poorly, placed on a performance improvement program, and ultimately terminated." [Dkt. # 30]. Thus, the performance figures of Zone Managers outside the Western Region are not relevant to disproving Kellogg's assertion that Plaintiff was fired for her behavior, or that Defendant engaged in gender discrimination. Plaintiff's Motion to Compel production of Kellogg "score cards" nationwide is therefore DENIED.

### C.   RFP 14: Documents Reflecting Performance and Discipline Issues

Plaintiff requests that Defendant produce notices of discipline or performance issues that Plaintiff's managers provided to other employees under their supervision. [Dkt # 32, Plaintiff's Reply]. Plaintiff originally requested that Kellogg produce any Performance Improvement Plans, as well as *any* documents reflecting any employee performance issues from January, 2000, through the present. Plaintiff agreed, for the present purposes, to limit RPF 14 to write-ups or other notices of discipline issued by the five managers responsible for the Plaintiff. [Dkt. # 32, Plaintiff's Reply]. Defendant Kellogg has indicated that it has searched for Performance Improvement Plans or records of formal discipline other than the Performance Improvement Plan given to Plaintiff, and that no such records were found. [Dkt. # 30, Defendant's Opp., 5: 14-15]. If this is true, it is sufficient that Defendant revise its answer to RFP 14 so that it reflects the absence of any formal discipline. To require Defendant to produce any and all communications related to performance or discipline would require the Defendant to engage in a costly, time consuming endeavor with little hope of producing any material relevant to the Plaintiff's claim. The Court limits RFP 14 to any write-ups or notices of discipline issued by Plaintiff's five managers. Plaintiff's Motion to Compel any documents reflecting performance and discipline issues is therefore DENIED IN PART and GRANTED IN PART.

### D.   RFP 10: "Demographic Data"

Plaintiff moves to compel production of information requested by RFP 9 and 10 (hereinafter

"demographic data"). [Dkt. # 26, Ex. 1, 8-9] . While Kellogg supplemented its answer to RFP 10 with EE0 documents pertaining to the Western Region, "demographic data" relating to Kellogg's workforce composition on a *nationwide* basis, as well as efforts to create a balance between gender or race in the workforce, are relevant to Plaintiff's gender discrimination claim. Plaintiff's Motion to Compel "demographic data" pursuant to RFP 9 and 10 is therefore GRANTED.

### E.   RPF 18: Documents Relating to Any Complaints of Discrimination or Harassment

The Plaintiff requests any documents reflecting or relating to any complaints, allegations, or observations of discrimination or harassment of Kellogg employees during the past ten years. The Plaintiff's request is overbroad and unduly burdensome to the Defendant. Kellogg must produce complaints of harassment or discrimination from lawsuits and EEOC or Human Rights Commission charges for the Western Region. However, the discovery is limited to any documents relating to complaints, allegations, or observation of discrimination or harassment in the last five years. Plaintiff's Motion to Compel production of such documents is therefore GRANTED IN PART and DENIED IN PART.

## II.   Plaintiff's Request for a Protective Order

Plaintiff seeks a protective order preventing Defendant Kellogg from contacting Plaintiff's current employer "without giving Plaintiff the courtesy of an opportunity to object or move this court for an order." [Dkt # 32]. Under Rule 26(c) this Court may issue a protective order only if the movant has established good cause, and has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FRCP 26(c). The party seeking protection establishes good cause by demonstrating that specific harm or prejudice will result if no protective order is granted. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

In this case, Plaintiff argues that Kellogg may subpoena her current employer to "harass and intimidate Plaintiff," and that contact with her current employer would not lead to relevant or admissible evidence."

While it is possible that Kellogg may contact Aynes's current employer with the purpose of intimidating Plaintiff and harming her reputation, the Court expects Defendant's counsel to conduct themselves as officers of the Court. If possible, Defendant's counsel should provide Plaintiff with the opportunity to seek a protective order if specific discovery is directed to the Plaintiff's current employer. Because Defendant's counsel has not yet contacted Plaintiff's current employer, and Plaintiff has not established a specific harm or prejudice, Plaintiff's Motion for a protective order is DENIED.

**IV.     Conclusion**

Plaintiff's Motion to Compel the production of out-of-state witnesses for depositions in Seattle is DENIED AS MOOT. Plaintiff's Motion to Compel "demographic data" pursuant RFP 9 and 10, as well as the identities of Zone Managers nationwide is GRANTED. Plaintiff's request that the Defendant produce performance "score cards" for Zone Managers nationwide is DENIED. The Court limits RFP 14 to documents reflecting employee performance and discipline issued by Plaintiff's managers, and Plaintiff's Motion to Compel production of documents under RFP 14 is therefore DENIED IN PART and GRANTED IN PART.

The Court limits RFP 18 to the production of documents relating to any complaints, allegations, or observations of harassment of Kellogg employees during the past five years. Plaintiff's Motion to Compel documents pursuant to RFP 18 is therefore DENIED IN PART and GRANTED IN PART. Lastly, Plaintiff's Motion for a protective order is DENIED. Defendant must comply with all discovery requests no later than 20 days after the issuance of this order. The Court issues this order in the interest of expediency, and urges the parties to resolve all future discovery disputes without the Court's action. The Defendant's request for costs and fees is DENIED.

IT IS SO ORDERED.

Dated this 30th day of September, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE