HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACY AYNES,

        Plaintiff,

    v.

KELLOGG SALES COMPANY,

        Defendant.

Case No. C07-5623RBL

ORDER GRANTING MOTION FOR SANCTIONS

    THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions [Dkt. #57]. The Court has reviewed the materials filed for and against the motion. Oral argument is not necessary for the Court to resolve the issue raised in this motion. For the following reasons, the Plaintiff's motion is **GRANTED**.

## **DISCUSSION**

    Throughout this proceeding counsel have been unable or unwilling to work together to perform even the simplest of tasks. This inability to cooperate has resulted in unnecessary delay, increased costs and judicial involvement in matters that are usually handled by lawyers' behaving as officers of the court in a collegial, accommodating fashion.

    The latest dispute arises out of the excruciating effort to schedule depositions of witnesses who, as reported to the Court, were residents of the greater Los Angeles area. The scheduling process was initiated in July 2008 and culminated in the depositions actually occurring in Los Angeles from December 4

through 6, pursuant to Court order. During the deposition it was revealed that none of the witnesses actually resided in the Los Angeles area and that each had flown in from the Denver area or from Battle Creek, Michigan. Counsel for both sides flew to Los Angeles from Seattle.

Counsel for Kellogg informs the Court that the information about the residence of these witnesses came initially from in-house counsel and was obviously erroneous. The error was not discovered until the end of November, after travel plans had already been made. For that reason, the error was not disclosed to opposing counsel before the deposition. Defense counsel argues that the mistake was honestly made, did not add to the cost of litigation for plaintiff (it's cheaper to get from Seattle to Los Angeles than to Denver) and therefore no sanction should be levied. Counsel misses the point.

By this judge's calculation, employment cases represent about 6% of the Court's civil docket and well over 50% of the discovery disputes it handles. This type of litigation involves highly emotional issues for the litigants and some counsel behave as if litigation is war by other means. This is not the first case in which counsel for Kellogg has had her civility and professionalism challenged. This Court has, on prior occasions, had an opportunity to read transcripts which betrayed the harsh manner in which counsel deals with her adversaries on matters of little moment to the ultimate outcome of the case. Counsel's action in this case is consistent with that pattern.

The Court is loathe to award sanctions in this or any case. In 27 years as a trial lawyer, this judge never requested sanctions against an opponent/colleague. Sanctions have a corrosive effect on the relationship between and among counsel. Unfortunately, in this case the relationship between counsel could not be made worse by the award of sanctions.

The Court is hopeful that the award of sanctions of $2,000 in favor of plaintiff and against counsel Leigh Ann Collings-Tift will serve as a reminder that this Court expects the lawyers to treat one another with respect at all times and to cooperate whenever possible to effectively and efficiently advance the pre-trial and trial process. The attention of counsel is again directed to the Code of Pre-Trial Conduct and Code of Trial Conduct promulgated by the American College of Trial Lawyers which can be found at www.actl.com.

All counsel are welcome in this Court. The only way counsel can get into trouble with this judge is to treat one another or to treat Court staff disrespectfully. This Order is intended as a painful, albeit, necessary reminder of this basic admonition.

Plaintiff's Motion for Sanctions [Dkt. #57] is **GRANTED** and Leigh Ann Collings-Tift and the law firm of Littler Mendelson P.C. are ordered to deliver a check to plaintiff's counsel in the amount of $2,000 no later than the close of business on Friday, January 9, 2009.

Dated this 30th day of December, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE